UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KING KEVIN A/K/A/
GEORGE KEVIN QUINN,                                                                        Plaintiff,

v.                                                                     Civil Action No. 4:23-cv-P49-DJH

JAY WETHINGTON *et al.*,                                                                    Defendants.

* * * * *

## MEMORANDUM

Plaintiff filed the instant *pro se* prisoner action. He failed to pay the filing fee or file an application to proceed without prepayment of fees. The Clerk of Court issued a notice of deficiency to Plaintiff on April 10, 2023, directing him to file an application to proceed without prepayment of fees on the Court-approved form or to pay the $402 filing fee within 30 days (Docket No. 3). Plaintiff failed to comply with the deficiency notice. Therefore, the Court entered an Order on May 12, 2023, directing him to either pay the $402 filing fee or file an application to proceed without prepayment of fees within 30 days (DN 6). The Order warned Plaintiff that failure to comply within the time allotted would result in dismissal of the case.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the notice of deficiency and the Court's prior Order shows a pattern of failure to pursue this case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: June 14, 2023

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants

4415.010